UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CHARLES E. BANKS | ) | |
| | ) | |
| v. | ) | NO. 2:08-CV-41 |
| | ) | |
| PAT HOLLYFIELD, *et al.* | ) | |

# **MEMORANDUM and ORDER**

This prisoner's *pro se* civil rights suit pursuant to 42 U.S.C. § 1983 was dismissed by previous order for want of prosecution, (Doc. 11, Order of May 12, 2009). The dismissal was based on plaintiff's failure to submit a Pretrial Narrative Statement on or before March 12, 2009, as required in the Scheduling Order, (Doc. 9, Order of Dec. 12, 2008). The judgment order was sent to the Washington County Detention Center (WCDC), which the docket sheet reflected was the last address plaintiff had provided to the Court. Nonetheless, the order was returned by the United States Postal Authorities as undeliverable as addressed, (Doc. 12).

It has come to the Court's attention recently that plaintiff submitted a letter, received on January 20, 2009, notifying the Court that his address had changed from the WCDC to the Brushy Mountain Correctional Complex; P.O. Box 1000; Petros, TN 37845. In the letter, Plaintiff stated that, as he prepared to leave the WCDC to go to Brushy Mountain, "they" told him that he could not take with him his legal paperwork, which included witnesses' statements, as well as the names and

addresses of proposed witnesses. Plaintiff also expressed, in the letter, his intent to proceed with the lawsuit, and along these lines, inquired as to how he could arrange with the prison officials to be transported to the Court on the date of his trial. This request is written across the bottom of the letter: "Also please let me no (sic) if you have recieved (sic) my Narrative Statement." The obvious implication of this request is that plaintiff was asserting that he had mailed his Pretrial Narrative Statement to the Court.[1]

Unfortunately, the letter was not scanned into the Electronic Case Filing system and, therefore, did not appear on the Court's docket sheet. Although the answers to plaintiff's questions were contained in documents previously supplied to plaintiff (i.e., an instructions sheet for litigation and the Scheduling Order), it appears that plaintiff could not refer to those documents for information as to the filing deadlines. In effect, plaintiff was operating blindly in pressing his claims to trial.

Even though nothing has been heard from plaintiff since that letter and even though a plaintiff is responsible for monitoring his case, the Court is mindful that this is a *pro se* plaintiff whose filings must be liberally construed and has concluded that the course of action which follows is appropriate to this situation.

The Clerk is **DIRECTED** to file the letter notice as of the date it was received and to mail copies of the Scheduling Order, Memorandum, and Judgment

---

[1] No Pretrial Narrative Statement was ever received from plaintiff.

Order, (Docs. 9-11), to plaintiff at his Brushy Mountain address. If plaintiff still wishes to proceed in this matter, he may file a motion for relief from a judgment or order under Rule 60 of the Rules of Civil Procedure. Finally, plaintiff is advised that, if he decides to file such a motion or to take any other action to revive his lawsuit, he should do so within seven days of receipt of this order.

**SO ORDERED**.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
